UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MAN FERROSTAAL, INC. AND                           :
RANGER STEEL SUPPLY CORP.,                         :        **ORDER DENYING MOTION**
                                                   :        **FOR RECONSIDERATION**
                                                   :
                                                   :        05 Civ. 10326 (AKH)
                               Plaintiffs,         :
                                                   :
                    -against-                      :
                                                   :
M/V VERTIGO, M/V ZIEMIA LODZKA,                    :
ET AL.,                                            :
                                                   :
                               Defendants.         :
-------------------------------------------------------x
-------------------------------------------------------x
MAGELLAN INTERNATIONAL                             :
TRADING CORPORATION,                               :
                                                   :
                               Plaintiff,          :        05 Civ. 10631 (AKH)
                                                   :
                    -against-                      :
                                                   :
THE M/V VERTIGO, ET AL.,                           :
                                                   :
                               Defendants.         :
-------------------------------------------------------x
-------------------------------------------------------x
In the Matter of the Complaint of                  :
                                                   :        06 Civ. 1727 (AKH)
VERTIGO MARITIME, INC., and                        :
PRIMAL SHIPMANAGEMENT, INC., as                    :
Owner and Manager of the M/V VERTIGO,              :
for Exoneration from or Limitation of              :
Liability                                          :
-------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        By motion dated September 11, 2006, Plaintiffs Man Ferrostaal, Inc. and

Ranger Steel Supply Corp. move for reconsideration and reargument of my Opinion and

Order dated August 24, 2006 and, alternatively, certification for interlocutory appeal.  I

deny both branches of Plaintiffs' motion.

1

Plaintiffs' motion for reconsideration raises no propositions of fact or law that I failed to consider when I issued my Opinion and Order.  This failure alone is sufficient basis to deny Plaintiffs' motion.  Eisemann v. Green, 204 F.3d 393, 395 n. 2 (2d Cir. 2000).

Plaintiffs' arguments on the merits also are unavailing.  I did not overlook or fail to apply Lauritzen v. Larsen, 345 U.S. 571 (1953), as Plaintiffs assert.  On the contrary, I recognized it as "[t]he critical case" to be followed in addressing choice of law considerations (Opinion and Order, dated Aug. 24, 2006, 9), and I followed the methodology it set out, not as a set of "mechanical" factors to be added and subtracted, but as a set of "operational contacts" requiring a "cold, objective" evaluation.  Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 308-310 (1970).  The conflicts of law interests analysis so well elucidated by Judge Stanley Fuld of the New York Court of Appeals in Babcock v. Jackson, 191 N.E.2d 279 (N.Y. 1963), is entirely consistent with the conflicts of law methodology required by United States Supreme Court precedents for federal maritime law.  See also Restatement (Second) of Conflict of Laws §§ 6, 12 (1971).

Nor is my Opinion and Order inconsistent with Sundance Cruises v. American Bureau of Shipping, 7 F.3d 1077 (2d Cir. 1993).  In that case, a ship foundered after striking a rock, and because the flooding waters failed to be contained within a supposedly water-tight compartment.  The ship-owners sued the certifying agency for failing to disclose that holes in a bulkhead and a missing valve compromised the water-tight compartmentalization of the ship's structure.  The issue on appeal was whether or not United States District Judge Whitman Knapp erred in holding that the governing law was that of the Bahamas, the nation under whose law the ship was chartered and which required the certification in issue and specified its requirements.

2

The Court of Appeals, applying Lauritzen, agreed with Judge Knapp that the law of the flag was to be followed "because of the flag state's clear and powerful interest in the actions that are at the heart of this case." Sundance Cruises, 7 F.3d at 1082 (quoting Sundance Cruises v. Am. Bureau of Shipping, 799 F. Supp. 363, 387 (S.D.N.Y. 1992)). Sundance Cruises thus followed Rhoditis in teaching that federal maritime conflicts law requires, not a slavish and mechanical application of the law of the flag, but the same type of qualitative approach that is exemplified by Rhoditis and Babcock. It is also interesting to note that Liberia, the law of the flag of the ship that did not sink, and which did not carry Plaintiffs' cargo, is promoted by Plaintiffs as the law to be applied. If anything, that law has the least interest of any in the outcome; indeed, it has no discernible interest at all. I applied the law of Denmark, not automatically, as Plaintiffs argue, but because its interests in regulating the passage of ships through the narrow straits of its territorial waters in the Great Belt predominated in the circumstances of this case.

Accordingly, I deny Plaintiffs' motion for reconsideration. I deny also Plaintiffs' alternative motion for interlocutory certification. I am not of the opinion that the case involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal … may materially advance" the litigation. 28 U.S.C. § 1292(b). The case can be completed without much expense or delay, and an appeal can then proceed on a complete record.

SO ORDERED.

Dated:       New York, New York
             September 18, 2006

ALVIN K. HELLERSTEIN
United States District Judge

3